```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
NORTH CHINA SHIPPING CO., LTD.,     :
                                    :
                Plaintiff,          :   ECF
                                    :   VERIFIED COMPLAINT
        -against-                   :
                                    :
XIAMEN XINDAAN TRADE CO., LTD.,     :
                                    :   07 CV 4535
                Defendant.          :
------------------------------------x
```

Plaintiff, NORTH CHINA SHIPPING CO., LTD. ("NCS"), by and through its attorneys, Cardillo & Corbett, as and for its Verified Complaint against the Defendant XIAMEN XINDAAN TRADE CO., LTD. ("XXTC"), alleges, upon information and belief as follows:

### JURISDICTION

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

### THE PARTIES

2. At all material times to this action NCS was, and still is, a foreign business entity duly organized and existing under the laws of the British Virgin Islands.

3. At all times material to this action, XXTC was, and still is, a foreign business entity organized and existing under the laws of a foreign country with an address at 2/F, Xindeco Building, Huli, Xiamen, China.

### XXTC'S BREACH OF CONTRACT

4. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-3 of this Complaint as if set forth at length herein.

5. By a voyage charter party dated September 28, 2006, NCS, as disponent owner, chartered the M/V MICHALAKIS (the "Vessel") to Guangxi Wanxin International Trading Co., Ltd., as charterer, to carry a cargo of bulk iron ore (the "Cargo") from India to China (the "Charter Party").

6. The Cargo was shipped under a GENCON Bill of Lading ("B/L") issued on November 5, 2006 on behalf of Seven Seas Ltd. ("Seven Seas"), the owner of the Vessel. The B/L incorporated the terms of the Charter Party and expressly provided that freight was payable as per the Charter Party.

7. The Vessel carried a Cargo of 45,944 metric tons of iron ore and earned freight under the terms of the Charter Party at the rate of $16.20 per metric ton in the total amount of $744,292.80.

8. The Cargo was delivered to XXTC as the receiver under the B/L. The freight, however, was not paid.

9. By agreement dated April 3, 2007, Seven Seas assigned all of its rights under the B/L to NCS, including the right to payment of the freight and the right to arbitrate.

10. NSC has demanded payment of said freight,

pursuant to the above assignment, but XXTC has failed and refused to pay.

11. By reason of the aforesaid, NCS has suffered damages in the amount of $744,292.80, so near as the same can be presently estimated. In addition, NCS is entitled to recover interest, attorney's fees and costs as set forth below.

## LONDON ARBITRATION

12. The Charter Party incorporated in the B/L provides that any disputes arising under the Charter Party shall be referred to arbitration in London under English law.

13. NCS has commenced arbitration in London against XXTC, and NCS's claims are now the subject of that arbitration.

## NCS's DAMAGES

14. Interest, costs and attorneys' fees are routinely awarded to the prevailing party by arbitrators in London pursuant to English law. As best as can now be estimated, the following amounts can be expected to be recovered in the action.

| | | |
|---|---|---|
| A. | On the principal claims: | $744,292.80 |
| B. | Interest, arbitration fees and attorneys' fees: | $260,502.48 |
| | TOTAL: | $1,004,795.28 |

## XXTC NOT FOUND WITHIN THE DISTRICT

15. XXTC cannot be found within this District within

the meaning of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, XXTC has, or will have during the pendency of this action, property within this District and subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to, ABN Amro Bank NV, American Express Bank, Bank of America, Bank of Communications Co. Ltd. New York Branch, Bank of New York, Barclays Bank, BNP Paribas, Citibank, Deutsche Bank, UBS AG, and/or Wachovia Bank, which are believed to be due and owing to XXTC.

16.   Plaintiff seeks an order from this court directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any property of XXTC held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over XXTC and to secure Plaintiff's claims as described above.

**WHEREFORE**, Plaintiff prays:

A.   That process in due form of law issue against XXTC citing it to appear and answer under oath all and singular the matters alleged in the Complaint.

  B. That since XXTC cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including, but not limited to, ABN Amro Bank NV, American Express Bank, Bank of America, Bank of Communications, Co. Ltd. New York Branch, Bank of New York, Barclays Bank, BNP Paribas, Citibank, Deutsche Bank, UBS AG, and/or Wachovia Bank, which are due and owing to XXTC, in the amount of $1,004,795.28 to secure Plaintiff's claims and that all persons claiming any interest in the same be cited to appear and pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims answer the matters alleged in the Complaint.

  C. That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeal thereof; and

  D. That the Plaintiff has such other, further and

different relief as the Court may deem just and proper.

Dated:   New York, New York
         May 30, 2007

                                           CARDILLO & CORBETT
                                           Attorneys for Plaintiff
                                           NORTH CHINA SHIPPING CO., LTD.

By: _____
     James P. Rau (JR 7209)

     Office and P.O. Address
     29 Broadway, Suite 1710
     New York, New York 10006
     Tel: (212) 344-0464
     Fax: (212) 797-1212

**ATTORNEY'S VERIFICATION**

State of New York )
                  ) ss.:
County of New York)

    1.    My name is James P. Rau.

    2.    I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

    3.    I am a partner in the firm of Cardillo & Corbett, attorneys for the Plaintiff.

    4.    I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

    5.    The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

    6.    The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

    7.    I am authorized to make this Verification on

7

behalf of the Plaintiff.

_____
James P. Rau

Sworn to this 30th day
of May, 2007

_____
NOTARY PUBLIC

CHRISTOPHIL B. COSTAS
Notary Public, State of New York
No. 31-0773693
Qualified in New York County
Commission Expires April 30, 2011