CARDILLO & CORBETT

ROBERT V. CORBETT  
CHRISTOPHIL B. COSTAS  
TULIO R. PRIETO  
JAMES P. RAU

29 BROADWAY  
NEW YORK, NY 10006  
(212) 344-0464

FAX: (212) 797-1212/509-0961  
E-MAIL: CC@CARDILLOCORBETT.COM

FRANCIS H. McNAMARA  
COUNSEL

JOSEPH CARDILLO, JR.  
(1913-1980)



**MEMO ENDORSED**

June 24, 2008

Honorable Peter K. Leisure  
United States District Judge  
United States Courthouse  
500 Pearl Street, Room 1910  
New York, New York 10007

   Re: 07 Civ. 439 and 07 Civ. 4535 (PKL)  
     North China Shipping Co. Ltd. v.  
     Guangxi Intern. Trading Co. Ltd.  
     et al. and North China Shipping Co. Ltd.  
     v. Xiamen Xindaan Trade Co. Ltd.  
     Our File No.: E-496

Honorable Sir:

  We are the attorneys for the plaintiff in the captioned actions. Pursuant to our discussion of today with Ms. Chan, we respectfully request that the above actions be placed on the Court's suspense calendar pending future developments.

  The complaint in North China Shipping Co. Ltd. ("NCS") v. Guangxi Intern. Trading Co. Ltd. etc., asserts a maritime claim for breach of charter party. In its complaint, the plaintiff sought and the Court granted an Order of Maritime Attachment dated January 22, 2007 and a Supplemental Order of Maritime Attachment dated April 5, 2007. Pursuant to those Orders, the plaintiff has made continuous service of Process of Maritime Attachment on the various garnishee banks named in the Orders. Thus far, the plaintiff has not attached any funds belonging to defendants. However, as plaintiff's claim is some $1,845,000 it wants to continue service of the Process of Maritime Attachment with the expectation that funds will ultimately restrained pursuant thereto.

Honorable Peter K. Leisure    -2-    June 24, 2008
United States District Judge

     The plaintiff has commenced arbitration in London against the defendants and an arbitration award is expected by the end of this year.

     The complaint in NCS v. Xiamen Xindaan Trade Co. Ltd. asserts a maritime claim for breach of charter party. In its complaint, the plaintiff sought and the Court granted an Order of Maritime Attachment dated May 30, 2007. Pursuant to that Order, the plaintiff has made continuous service of Process of Maritime Attachment on the various garnishee banks named in the Order. Thus far, the plaintiff has not attached any funds belonging to defendant. However, as plaintiff's claim is some $1,004,000 it wants to continue service of the Process of Maritime Attachment with the expectation that funds will ultimately restrained pursuant thereto.

     The plaintiff has commenced arbitration in London against the defendant and an arbitration award is expected by the end of this year.

     If awards are obtained in London, plaintiff expects to petition the Court to confirm the awards and enforce the judgment against any funds attached in these proceedings.

     Accordingly, until such time as plaintiff is able to obtain the arbitration awards and to attach funds which may satisfy same, the above actions may be placed on the Court's suspense calendar, if deemed appropriate by the Court.

Respectfully yours,

CARDILLO & CORBETT

By: _____
James P. Rau

JPR/jas

SO ORDERED
6/30/08
*[signature]* Peter K. Leisure
USDJ